# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**BRETT EVERS,**
*individually and as parent and guardian of minor child GE,*

        **Plaintiffs,**

        **v.**                         **Case No. 26-CV-806**

**TOWN OF GRAND CHUTE, et al.,**

        **Defendants.**

---

## DECISION AND ORDER

---

Brett Evers, proceeding without counsel, filed this action on behalf of himself and his minor daughter GE. The court noted that GE must be represented by counsel, and set a deadline of June 2, 2026, for counsel to appear on behalf of GE. (ECF No. 3.)

On June 1, 2026, Evers filed a motion asking for more time to obtain counsel or alternatively for the court to recruit counsel for GE. (ECF No. 4.)

The court has no authority to appoint counsel to represent a party in a civil action. *See Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc) (quoting *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989)). The most the court can do is request that an attorney volunteer to represent a party without compensation. *See* 28 U.S.C. § 1915(e)(1). Because the pool of attorneys willing to work for free is incredibly small and the number of litigants who seek an attorney at

no charge is incredibly large, the court is able to recruit counsel in only a small fraction of circumstances a party requests representation.

In civil rights cases, it is often not a problem for plaintiffs to obtain counsel on their own. Because federal civil rights laws provide for defendants to pay the attorney fees of successful plaintiffs, there are attorneys who specialize in representing plaintiffs with meritorious claims. And unlike much personal injury work where the attorney's compensation is a portion of the plaintiff's recovery, federal civil rights laws generally allow a successful plaintiff to recover attorney fees in full, independent of the amount of the award to the plaintiff. The result is that attorneys are willing to take on meritorious cases even when the plaintiff's small damages might make representation on a contingent fee impractical.

In cases involving a minor plaintiff, much of the court's traditional analysis of whether the plaintiff has made reasonable attempts to obtain counsel on her own and whether she appears able to handle the case on her own, *see Pruitt*, 503 F.3d at 655, does not apply. A minor is inherently incapable of representing herself. But a court cannot simply attempt to recruit counsel in every case involving a minor plaintiff. Doing so would exhaust the court's supply of volunteer attorneys, leaving none for the many other cases where recruitment is appropriate. Thus, a factor that becomes particularly significant in the context of a minor plaintiff is the merits of the underlying claim. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) ("A permissible and important aspect of that stewardship is a district court's consideration of the perceived merits of—or likelihood of success on—an indigent

plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it.").

The allegations in the complaint are conclusory and superficial. (*See* ECF No. 1.) The focus appears to be that a police officer detained GE for retail theft and made "enforcement conclusions" before reviewing surveillance video. Further, GE complains that portions of the body-camera recordings were muted or incomplete, there were delays in producing evidence in municipal court proceedings, there were "unresolved evidentiary contradictions" in the municipal court proceedings, and she lacked "a meaningful opportunity to prepare a defense." (ECF No. 1, ¶¶ 24-25.)

These allegations do not give rise to a plausible constitutional claim. There is no constitutional requirement that a law enforcement officer review surveillance video before detaining an individual or making "enforcement conclusions" such as issuing a citation. *See Matthews v. City of E. St. Louis*, 675 F.3d 703, 707 (7th Cir. 2012); *Outlaw v. Vill. of Shorewood*, No. 19-CV-1092, 2021 WL 424224, at *3 (E.D. Wis. Feb. 8, 2021). Rather, detention must be supported by reasonable suspicion, and a citation must be supported by probable cause. Reasonable suspicion and probable cause may come from many different sources, and in the context of allegations of retail theft, the report of a store employee may be all that is required. *See, e.g., Neiman v. Keane*, 232 F.3d 577, 580 (7th Cir. 2000) ("Probable cause exists at the time of arrest when reasonably trustworthy information, facts and circumstances would lead a prudent person to believe that a suspect had committed or was committing a crime."); *Outlaw*, 2021 WL 424224, at *3.

Insofar as GE is challenging a municipal court conviction, a federal civil rights suit cannot undo (directly or indirectly) the judgment of a state court. *See, e.g.*, *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (discussing the *Rooker-Feldman* doctrine); *Haas v. Wisconsin*, 109 F. App'x 107, 111–12 (7th Cir. 2004) (applying *Rooker-Feldman* to judgments of a Wisconsin municipal court). State law provides a procedure for review and appeal of municipal court judgments. *See* Wis. Stat. § 800.14. Only if the person is in custody and seeks release from custody (rather than damages), a habeas corpus petition may provide a narrow exception to this general rule, but GE does not purport to bring a habeas petition.

Because the court finds that GE has failed to present a plausible claim for relief it would be inappropriate to attempt to recruit counsel to represent her. However, because GE is not represented by counsel, as a legal matter, she has no complaint pending before this court. This creates a bit of a paradox. Although the court finds GE's claims to lack merit, the court cannot dismiss this action on its merits (or more accurately, lack thereof) because, absent counsel, the claims are not properly before the court. But the court cannot attempt to recruit counsel to represent a plaintiff in a meritless action.

Thus, if notwithstanding this court's observations regarding her claims, GE (and Evers) wish to pursue this action, GE must be represented by counsel. Because the claims lack any apparent merit, it is unlikely that any attorney will agree to represent GE on a fee-shifting or contingency fee basis. GE and Evers, however, may choose to hire counsel.

4

When a minor plaintiff (by a next friend) is unable to secure counsel for herself, and a court concludes that it is not appropriate to attempt to recruit counsel for the minor, the case cannot proceed. Thus, the court must dismiss the action, leaving it to the plaintiff to refile the case if she obtains counsel or reaches the age of majority and can represent herself. That path, however, is subject to the statute of limitations. *But see* Wis. Stat. § 893.16(1).

As to the motions currently before the court, the motion for an extension of time is **granted**. Counsel shall appear on behalf of GE within **45 days** of the date of this order. **If counsel fails to appear, the court will dismiss GE's complaint and this action**. The motion for the recruitment of counsel is **denied**.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 11th day of June, 2026.

s/ Byron B. Conway
BYRON B. CONWAY
U.S. District Judge
